

GERARD C. RICKHOFF          DONNA KAY McKINNEY

# COUNTY CLERK & DISTRICT CLERK
## COURT RECORDS SEARCH

# Case #2017CI16840

**Name** :

**Date Filed** : 08/31/2017

**Case Status** : PENDING

**Litigant Type** : PLAINTIFF

**Court** : 037

**Docket Type** : OTHER CIVIL CASES

**Business Name** : TEXAS NAME MERCANTILE INVESTMENT LLC

**Style** : TEXAS NAME MERCANTILE INVESTMENT LLC

**Style (2)** : vs CINCINNATI INSURANCE COMPANY



EXHIBIT
A

# Case History

*Currently viewing 1 through 8 of 8 records*

| Sequence | Date Filed | Description |
|---|---|---|
| P00006 | 11/13/2017 | ORIGINAL ANSWER OF<br>CINCINNATI INSURANCE COMPANY |
| S00002 | 10/18/2017 | CITATION CERTIFIED MAIL<br>CINCINNATI INSURANCE COMPANY<br>ISSUED: 10/18/2017 RECEIVED: 10/18/2017<br>EXECUTED: 10/23/2017 RETURNED: 10/25/2017 |
| P00005 | 10/13/2017 | REQUEST FOR SERVICE AND PROCESS |
| P00004 | 10/13/2017 | SERVICE ASSIGNED TO CLERK 1 |
| S00001 | 9/13/2017 | CITATION CERTIFIED MAIL<br>CINCINNATI INSURANCE COMPANY<br>ISSUED: 9/13/2017 RECEIVED: 9/13/2017<br>EXECUTED: 9/18/2017 RETURNED: 9/21/2017 |
| P00003 | 8/31/2017 | JURY FEE PAID |
| P00002 | 8/31/2017 | SERVICE ASSIGNED TO CLERK 3 |
| P00001 | 8/31/2017 | PET FOR HAIL DAMAGE COMMERCIAL<br>W/JD |

FILED
8/31/2017 11:29 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Nikki Garcia

CIT CML W/JD/ SAC1
10113

CAUSE NO. ___2017CI16840___

| | | |
|---|---|---|
| TEXAS NAME MERCANTILE INVESTMENT, LLC, | § § § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| V. | § | BEXAR COUNTY, TEXAS |
| | § | |
| CINCINNATI INSURANCE COMPANY, | § | |
| Defendant. | § | 37TH DISTRICT COURT |

## PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Texas Name Mercantile Investment, LLC, Plaintiff herein, and files **Plaintiff's Original Petition, Jury Demand, and Request for Disclosure**, complaining of Cincinnati Insurance Company ("Cincinnati Insurance Company" or "Defendant") and for cause of action, Plaintiff respectfully shows the following:

### DISCOVERY CONTROL PLAN

1.  Plaintiff intends to conduct discovery under Level 3, Texas Rules of Civil Procedure 190.4 and 169.

### PARTIES

2.  Plaintiff, Texas Name Mercantile Investment, LLC, resides in Bexar County, Texas.

3.  Defendant, Cincinnati Insurance Company, is a Texas insurance company engaged in the business of insurance in the State of Texas. Plaintiff requests service of citation upon Cincinnati Insurance Company through its registered agent, **1999 Bryan Street, Suite 900, Dallas, Texas 75201**. Plaintiff requests service at this time.

EXHIBIT
B

## JURISDICTION

4.  The Court has jurisdiction over Cincinnati Insurance Company because Defendant engages in the business of insurance in the State of Texas, and the causes of action arise out of Cincinnati Insurance Company's business activities in the State of Texas, including those in Bexar County, Texas, with reference to this specific case.

## VENUE

5.  Venue is proper in Bexar County, Texas because the insured property is located in Bexar County, Texas, and all or a substantial part of the events giving rise to this lawsuit occurred in Bexar County, Texas.  TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

6.  Plaintiff asserts claims for fraud, breach of contract, violations of sections 541 and 542 of the Texas Insurance Code, and violations of the Texas DTPA.

7.  Plaintiff owns a Cincinnati Insurance Company homeowner's insurance policy, number EPP0194821 ("the Policy").  At all relevant times, Plaintiff owned the insured premises located at 40 Northeast Loop 410 San Antonio, Texas 78216 ("the Property").

8.  Cincinnati Insurance Company or its agent sold the Policy, insuring the Property, to Plaintiff.  Cincinnati Insurance Company represented to Plaintiff that the Policy included wind and hailstorm coverage for damage to Plaintiff's home.  Cincinnati Insurance Company has refused the full extent of that coverage currently owed to Plaintiff.

9.  On or about April 12, 2016, the Property sustained extensive damage resulting from a severe storm that passed through the Bexar County, Texas area.

2

10.   In the aftermath of the wind and hailstorm, Plaintiff submitted a claim to Cincinnati Insurance Company against the Policy for damage to the Property.  Cincinnati Insurance Company assigned claim number 2835302 to Plaintiff's claim.

11.   Plaintiff asked Cincinnati Insurance Company to cover the cost of damage to the Property pursuant to the Policy.

12.   Cincinnati Insurance Company assigned or hired its agent to adjust the claim.

13.   Cincinnati Insurance Company, through its agent, conducted a substandard and improper inspection and adjustment of the Property, which yielded grossly inaccurate and unrealistic assessments of the cause, extent, and dollar amount of damage to the Property.

14.   Cincinnati Insurance Company hired or assigned its agents to inspect and adjust the claim. conducted an inspection.  The agent's findings generated an estimate of damages totaling $78,682.86. After application of depreciation and deductible of $10,000 Plaintiff was left with $68,682.86 to make repairs on the entirety of their claim.

15.   Cincinnati Insurance Company has ultimately refused full coverage which includes, but is not limited to, replacement of the roof and additional exterior damage. The third-party inspector hired to review the damage to the Property found $356,593.90 of damage to Plaintiff's roof. In addition, the third-party inspector found damage to the insulation, glass mat, cap flashing, flash parapet, roof drain, exhaust cap, air conditioning systems, curtain wall, and light pole.

16.   The damage to Plaintiff's Property is currently estimated at approximately $4,000,000.00.

17.   Since due demand was made on or about June 16, 2017, Cincinnati Insurance Company has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for

3

failing to settle Plaintiff's claim properly.

18.   As stated above, Cincinnati Insurance Company failed to assess the claim thoroughly. Based upon Cincinnati Insurance Company's grossly unreasonable, intentional, and reckless failure to investigate and adjust the claim properly, Cincinnati Insurance Company failed to provide full coverage due under the Policy.

19.   As a result of Cincinnati Insurance Company's failure to provide full coverage, along with Cincinnati Insurance Company's delay tactics to avoid reasonable payment to Plaintiff, Plaintiff has suffered damages.

20.   Cincinnati Insurance Company failed to perform its contractual duties to Plaintiff under the terms of the Policy. Specifically, Cincinnati Insurance Company refused to pay the full proceeds of the Policy, although due demand was made for an amount sufficient to cover repairs to the damaged Property, and all conditions precedent to recover upon the Policy were accomplished by Plaintiff.

21.   Defendant's misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code. Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between Cincinnati Insurance Company and Plaintiff.

22.   Cincinnati Insurance Company's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.   TEX. INS. CODE §541.060(a)(1).   Cincinnati Insurance Company has not attempted to settle Plaintiff's claim in a fair manner, even though Cincinnati Insurance Company was aware of their liability to Plaintiff under the Policy.   Specifically, Cincinnati Insurance Company has failed to timely pay Plaintiff's coverage due under the Policy.

4

23. Cincinnati Insurance Company's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(2)(A).  Cincinnati Insurance Company failed to provide Plaintiff a reasonable explanation for not making the full payment under the terms of the Policy.

24. Cincinnati Insurance Company's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(4).  Cincinnati Insurance Company refused to provide full coverage due to Plaintiff under the terms of the Policy.  Specifically, Cincinnati Insurance Company, through its agents, servants, and representatives, performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property.

25. Cincinnati Insurance Company's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.055.  Cincinnati Insurance Company failed to reasonably accept or deny Plaintiff's full claim within the statutorily mandated time after receiving all necessary information.

26. Cincinnati Insurance Company's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.056.  Cincinnati Insurance Company failed to meet their obligations under the Texas Insurance Code regarding timely payment of the claim.  Specifically, Cincinnati Insurance Company has delayed payment of Plaintiff's claim longer than allowed, and Plaintiff has not received full payment for their claim.

27. Defendant's wrongful acts and omissions forced Plaintiff to retain the professional services of the attorneys and law firm representing it with respect to these causes of action.

## CAUSES OF ACTION AGAINST DEFENDANT
## CINCINNATI INSURANCE COMPANY

28.     All paragraphs from the fact section of this petition are hereby incorporated into this section.

### BREACH OF CONTRACT

29.     Cincinnati Insurance Company is liable to Plaintiff for intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing. It follows, then, that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between Cincinnati Insurance Company and Plaintiff.

30.     Cincinnati Insurance Company's failure and/or refusal to pay adequate coverage as obligated under the terms of the Policy, and under the laws of the State of Texas, constitutes a breach of the insurance contract with Plaintiff.

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE:
### UNFAIR SETTLEMENT PRACTICES

31.     Cincinnati Insurance Company's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.   TEX. INS. CODE §541.060(a).   All violations under this article are actionable by TEX. INS. CODE §541.151.

32.     Cincinnati Insurance Company's unfair settlement practice of misrepresenting to Plaintiff material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

33.     Cincinnati Insurance Company's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and a

6

deceptive act or practice in the business of insurance.   TEX. INS. CODE §541.060(a)(2)(A).

34.   Cincinnati Insurance Company's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for underpayment of the claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.   TEX. INS. CODE §541.060(a)(3).

35.   Cincinnati Insurance Company's unfair settlement practice of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(4).

36.   Cincinnati Insurance Company's unfair settlement practice of refusing to pay Plaintiff's claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(7).

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

37.   Cincinnati Insurance Company's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims.  All violations made under this article are actionable by TEX. INS. CODE §542.060.

38.   Cincinnati Insurance Company's failure to notify Plaintiff in writing of its acceptance or rejection of the full claim within the applicable time constraints constitutes a non-prompt payment in violation of TEX. INS. CODE §542.056.

7

39.     Cincinnati Insurance Company's delay in paying Plaintiff's claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the claim.   TEX. INS. CODE §542.058.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

40.     Cincinnati Insurance Company's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to an insured in insurance contracts.

41.     Cincinnati Insurance Company's failure to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, Cincinnati Insurance Company knew or should have known by the exercise of reasonable diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## DTPA VIOLATIONS

42.     Cincinnati Insurance Company's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63. Plaintiff is a consumer of goods and services provided by Cincinnati Insurance Company pursuant to the DTPA.   Plaintiff has met all conditions precedent to bringing this cause of action against Farmers.   Specifically, Cincinnati Insurance Company's violations of the DTPA include, without limitation, the following matters:

A.      By its acts, omissions, failures, and conduct, Cincinnati Insurance Company has violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA. Cincinnati Insurance Company's violations include without limitation, (1) unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claim, (2) failure to give Plaintiff the benefit of the doubt, and (3) failure to pay for

8

the proper repair of Plaintiff's property when liability has become reasonably clear, which gives Plaintiff the right to recover under section 17.46(b)(2).

B.  Cincinnati Insurance Company represented to Plaintiff that the Policy and Cincinnati Insurance Company's adjusting and investigative services had characteristics or benefits that they did not possess, which gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

C.  Cincinnati Insurance Company also represented to Plaintiff that the Policy and Cincinnati Insurance Company's adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D.  Furthermore, Cincinnati Insurance Company advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

E.  Cincinnati Insurance Company breached an express warranty that the damages caused by wind and hail would be covered under the Policy.  This breach entitles Plaintiff to recover under sections 17.46(b)(12) and (20) and 17.50(a)(2) of the DTPA.

F.  Cincinnati Insurance Company's actions are unconscionable in that Cincinnati Insurance Company took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree.  Cincinnati Insurance Company's unconscionable conduct gives Plaintiff a right to relief under section 17.50(a)(3) of the DTPA; and

9

G.     Cincinnati Insurance Company's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

43.     Each of the above-described acts, omissions, and failures of Cincinnati Insurance Company is a producing cause of Plaintiff's damages. All of the above-described acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

## FRAUD

44.     Cincinnati Insurance Company is liable to Plaintiff for common law fraud.

45.     Each and every misrepresentation described above concerned material facts that absent such representations, Plaintiff would not have acted as it did, and Cincinnati Insurance Company knew its representations were false or made recklessly without any knowledge of their truth as a positive assertion.

46.     Cincinnati Insurance Company made the statements intending that Plaintiff act upon them. Plaintiff then acted in reliance upon the statements, thereby causing Plaintiff to suffer injury constituting common law fraud.

## KNOWLEDGE

47.     Defendant made each of the acts described above, together and singularly, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiff's damages described herein.

## WAIVER AND ESTOPPEL

48. Defendant waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## DAMAGES

49. Since the claim was made, Cincinnati Insurance Company has not properly compensated Plaintiff for all necessary repairs made, which are covered under the Policy.  This has caused undue hardship and burden to Plaintiff.  These damages are a direct result of Cincinnati Insurance Company's mishandling of Plaintiff's claim in violation of the laws set forth above.

50. Defendant made the above and other false representations to Plaintiff, either knowingly or recklessly, as a positive assertion, without knowledge of the truth.  Defendant made these false misrepresentations with the intent that Plaintiff act in accordance with the misrepresentations.  Plaintiff then relied on these misrepresentations, including but not limited to those regarding coverage and the cause and scope of damage.  Plaintiff suffered damages as a result.

51. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of damages sustained.  The acts, omissions, failures, and conduct of Defendant has caused Plaintiff's damages, which include, without limitation, costs for all necessary repairs required to be made to Plaintiff's Property, and any investigative and engineering fees incurred.

52. For breach of contract, Plaintiff is entitled to regain the benefit of its bargain, which is the amount of its claim, consequential damages, together with attorney's fees.

53.     The damage to Plaintiff's Property is estimated at approximately $4,000,000.00.

54.     For noncompliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits owed pursuant to the Policy, court costs, and attorney's fees. For knowing and intentional conduct of the acts described above, Plaintiff asks for three (3) times its actual damages. TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(B)(1).

55.     For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of its claim, plus an eighteen percent (18%) per annum penalty on that claim, as damages, as well as pre-judgment interest and reasonable attorney's fees. TEX. INS. CODE §542.060.

56.     For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendant's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of money Cincinnati Insurance Company owed, and exemplary damages.

57.     Defendant's breach of the common law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiff's rights and welfare, and with "malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code. These violations are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish Defendant for its wrongful conduct and to set an example to deter Defendant and others from committing similar acts in the future.

58.    For fraud, Plaintiff is entitled to recover actual and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

59.    For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorneys subscribed to this pleading.  Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

60.    As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiffs' counsel states that the damages sought are in an amount within the jurisdictional limits of this Court.  As required by Rule 47(c)(5) of the Texas Rules of Civil Procedure, Plaintiffs' counsel states that Plaintiffs seek only monetary relief in excess of $1,000,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees. A jury will ultimately determine the monetary relief actually awarded, however.  Plaintiffs also seek pre-judgment and post-judgment interest at the highest legal rate.

## REQUESTS FOR DISCLOSURE

61.    Under Texas Rules of Civil Procedure 190 and 194, Plaintiff requests that Defendant disclose, within fifty (50) days from the date this request is served, the information or material described in Rules 190.2(b)(6) and 194.2.

## JURY DEMAND

62.    Plaintiff hereby requests a jury trial for all causes of action alleged herein, tried before a

jury consisting of citizens residing in Bexar County, Texas.  Plaintiff hereby tenders the

appropriate jury fee.

## PRAYER

Plaintiff prays that Defendant, Cincinnati Insurance Company, be cited and served to

appear, and that upon trial hereof, Plaintiff, Texas Name Mercantile Investment, LLC, have and

recover from Defendant, Cincinnati Insurance Company, such sums as would reasonably and

justly compensate Plaintiff in accordance with the rules of law and procedure, as to actual,

consequential, and treble damages under the Texas Insurance Code and Texas Deceptive Trade

Practices Act, and all punitive, additional, and exemplary damages, as may be found.  In addition,

Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs

of Court expended on Plaintiff's behalf, for pre-judgment and post-judgment interest as allowed

by law; and for any other and further relief, at law or in equity, to which Plaintiff, Texas Name

Mercantile Investment, LLC, may show itself justly entitled.

Respectfully submitted,

CHAD T. WILSON LAW FIRM PLLC

By: /s/ *Chad T. Wilson*

Chad T. Wilson
Bar No. 24079587
Patrick McGinnis
Bar No. 13631900
455 E. Medical Center Blvd., Suite 555
Webster, Texas 77598
Telephone: (832) 415-1432
Facsimile: (281) 940-2137

14

eService to:
eservice@cwilsonlaw.com
cwilson@cwilsonlaw.com
pmcginnis@cwilsonlaw.com

ATTORNEYS FOR PLAINTIFF

CERTIFIED MAIL #70162070000075205129

**Case Number: 2017-CI-16840**

2017CI16840   S00002

**TEXAS NAME MERCANTILE INVESTMENT LLC**

**vs.**

**CINCINNATI INSURANCE COMPANY**

(Note: Attached document may contain additional litigants).

IN THE DISTRICT COURT
37th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

**CITATION**

**"THE STATE OF TEXAS"**

**DIRECTED TO:**   CINCINNATI INSURANCE COMPANY
C/O NATIONAL REGISTERED AGENTS INC

1999 BRYAN ST 900
DALLAS TX 75201

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk  who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were  served this CITATION and ORIGINAL PETITION ,JURY DEMAND, AND REQUEST FOR DISCLOSURE, a default judgment may be taken against you." Said  CITATION with ORIGINAL PETITION ,JURY DEMAND, AND REQUEST FOR DISCLOSURE  was filed on the 31st day of August, 2017.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 18TH  DAY OF October A.D., 2017.

CHAD T WILSON
ATTORNEY FOR PLAINTIFF
455 E MEDICAL CENTER BLVD 555
WEBSTER, TX 77598



**Donna Kay M<sup>c</sup>Kinney**
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas  78205

By : *Maria J Abilez*, Deputy

---

TEXAS NAME MERCANTILE INVESTMENT LLC
vs
CINCINNATI INSURANCE COMPANY

**Officer's Return**

Case Number: 2017-CI-16840
Court: 37th Judicial District Court

Came to hand on the 18th day of October 2017, A.D., at  4:26 o'clock P.M. and EXECUTED (NOT EXECUTED) by CERTIFIED MAIL, on the _____ day of _____ 20_____, by deilvering to: _____  at 1999 BRYAN ST 900 DALLAS TX 75201 a true copy of this Citation, upon which I endorsed that date of delivery, together with the accompanying copy of the CITATION with ORIGINAL PETITION ,JURY DEMAND, AND REQUEST FOR DISCLOSURE.

Cause of failure to execute this Citation is _____.

**EXHIBIT**
**C**

**Donna Kay M<sup>c</sup>Kinney**
Clerk of the District Courts of
Bexar County, TX

By : *Maria J Abilez*, Deputy

ORIGINAL (DK003)

FILED
11/13/2017 9:56 AM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Belinda Sanchez

CAUSE NO. 2017-CI-16840

| | | |
|---|---|---|
| TEXAS NAME MERCANTILE INVESTMENT, LLC, | § § | IN THE DISTRICT COURT |
| *Plaintiff*, | § | |
| | § | |
| vs. | § | OF BEXAR COUNTY, TEXAS |
| | § | |
| CINCINNATI INSURANCE COMPANY, | § | |
| *Defendant.* | § | 37TH JUDICIAL DISTRICT |

## DEFENDANT'S ORIGINAL ANSWER

Defendant Cincinnati Insurance Company ("Defendant") files this Original Answer and would respectfully show the Court the following:

## I.

## GENERAL DENIAL

1.1    Pursuant to Rule 92 of the Texas Rule of Civil Procedure, Defendant generally denies each and every, all and singular, the allegations contained within Plaintiff's Original Petition and demands strict proof thereon by a preponderance of the credible evidence in accordance with the Constitution and laws of the State of Texas.

## II.

## AFFIRMATIVE DEFENSES

2.1    Defendant pleads the following affirmative defenses.

2.2    Defendant denies any liability to Plaintiff for alleged common law or statutory extra-contractual claims. Defendant denies that it knew or should have known that it was reasonably clear that Plaintiff's claim for alleged damages to the premises located at 40 Northeast Loop 410, San Antonio, Texas 78216 was covered under the Policy.

2.3    Pleading alternatively, Defendant pleads that any award to Plaintiff of exemplary, additional, treble or punitive damages or penalties is limited pursuant to Texas Civil Practice and

EXHIBIT

**D**

Remedies Code chapter 41 and Texas Insurance Code sections 541.152 and 542.060.  Under the facts of this case, however, an award of exemplary, additional, treble or punitive damages or penalties consistent with the maximum awards permitted under these statutes would violate Defendant's State and Federal constitutional rights.  Defendant affirmatively pleads that an award of exemplary, additional, treble or punitive damages or penalties would violate the due process and equal protection clauses of the United States and Texas Constitutions.  Defendant affirmatively pleads that an award of exemplary, additional, treble or punitive damages or penalties would be both arbitrary and excessive in that (1) Texas procedure lacks adequate safeguards in violation of the due process clauses of the United States and Texas Constitutions, and (2) Defendant would not be afforded equal protection against extra-contractual damages that would be limited or capped for others.

2.4     By way of additional defense to Plaintiff's claims of a breach of duty of good faith and fair dealing and for violation of the Texas Insurance Code, Defendant asserts the existence of a bona fide dispute.  The existence of a bona fide dispute precludes Plaintiff from recovering against Defendant on any extra-contractual claims as a matter of law.

**III.**

**PRAYER**

3.1     WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiff take nothing by this suit and that Defendant go hence with its costs, without delay.

Respectfully submitted,

/s/ *Harrison H. Yoss*
Harrison H. Yoss
State Bar No. 22169030
hyoss@thompsoncoe.com

Matthew J. Kolodoski
State Bar No. 24081963
mkolodoski@thompsoncoe.com

THOMPSON, COE, COUSINS & IRONS, L.L.P.
700 North Pearl Street, 25th Floor
Dallas, Texas 75201-2832
(214) 871-8200
(214) 871-8209 - FAX

**COUNSEL FOR DEFENDANT**

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on November 13, 2017, a true and correct copy of the forgoing *Defendant's Original Answer* was delivered to the following counsel for Plaintiff by electronic service:

Chad T. Wilson
Patrick C. McGinnis
Chad T. Wilson Law Firm PLLC
455 E. Medical Center Blvd., Suite 555
Webster, Texas 77598
eservice@cwilsonlaw.com
cwilson@cwilsonlaw.com
pmcginnis@cwilsonlaw.com

*/s/Harrison H. Yoss*
Harrison H. Yoss